**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Floriberto VASQUEZ–REYES, Defendant–Appellant.**

No. 00–10172.

D.C. No. CR–99–01557–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2001.*

Decided June 4, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

**416**

Before HUG and T.G. NELSON, Circuit Judges, SHADUR, District Judge.**

MEMORANDUM ***

Floriberto Vasquez–Reyes, a native and citizen of Mexico, appeals the district court's decision to apply, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A), a sixteen-level enhancement to his sentence for illegally reentering the United States after

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

having been deported for an aggravated felony. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vasquez–Reyes argues that the district court erred in concluding that his prior Colorado State felony conviction for possession of a controlled substance constituted an "aggravated felony" for sentencing purposes. Although Vasquez–Reyes concedes that this court has squarely addressed and rejected this argument, *see United States v. Ibarra–Galindo,* 206 F.3d 1337 (9th Cir.), *cert. denied,* 531 U.S. 1102, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001), he urges us to overrule our precedent. However, as a three-judge panel, we are bound by prior judgments of this court. *See United States v. Zarate–Martinez,* 133 F.3d 1194, 1200 (9th Cir.1998).

In *Ibarra–Galindo,* we held that a crime that is punishable under the Controlled Substances Act amounts to an "aggravated felony" for the purposes of an enhancement under U.S.S.G. § 2L1.2(b)(1)(A) as long as it is designated a felony by the jurisdiction in which the defendant was convicted. *Ibarra–Galindo,* 206 F.3d at 1341. Vasquez–Reyes does not dispute that he was convicted of a felony under Colorado law. The Colorado felony for which Vasquez–Reyes was convicted is punishable under the Controlled Substances Act. *See* 21 U.S.C. § 802(13) ("the term 'felony' means any Federal or State offense classified by applicable Federal or State law as a felony"); *id.* Thus, as our precedent clearly sets forth, Vasquez–

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Reyes's previous conviction of a felony in Colorado constitutes an aggravated felony for sentencing purposes. Accordingly, the district court properly applied a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

AFFIRMED.