UNITED STATES of America,
Plaintiff–Appellee,

v.

Ignacio FERNANDEZ–CERVANTES, aka Ignacio Hernandez, aka Miguel Torres, Defendant–Appellant.

No. 99–10568.
D.C. No. CR 99–20014–RMW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2001.

Decided July 12, 2001.

Before SCHROEDER, Chief Judge, and LAY* and BOOCHEVER, Circuit Judges.

* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

## MEMORANDUM **

Ignacio Fernandez–Cervantes appeals from the sentence imposed following his guilty plea conviction for unlawful reentry after deportation, in violation of 8 U.S.C. § 1326(a). He contends that his prior state burglary and narcotics convictions did not qualify as aggravated felonies and should not have been used to enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(A). Because the parties are familiar with the facts, we do not discuss them here.

### I. *The burglary conviction*

Fernandez–Cervantes' state burglary conviction does not qualify as a "burglary" offense. In *Ye v. INS*, 214 F.3d 1128 (9th Cir.2000), we adopted the Supreme Court's definition of burglary for the purpose of sentence enhancements: "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 1132 (citing and quoting *Taylor v. United States*, 495 U.S. 575, 598–99, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). The state statute under which Fernandez–Cervantes was convicted, California Penal Code § 459, criminalizes the act of "[e]very person who enters any ... building ... with intent to commit grand or petit larceny or any felony." The state statute reaches both conduct that would constitute burglary under the *Taylor* definition and conduct that would not (*i.e.*, authorized entry into a building with intent to commit a crime). *See United States v. Franklin*, 235 F.3d 1165, 1169 (9th Cir.2000) (§ 459's definition of burglary is too sweeping to fall within the *Taylor* definition).

We therefore look to the documents before us to determine whether they estab-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

lish that Fernandez–Cervantes' conviction satisfies the *Taylor* definition of burglary. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc). The complaint simply states that he "did enter a building . . . with the intent to commit theft." Because there is no indication that the entry was unlawful or unprivileged, Fernandez–Cervantes was not convicted of burglary as the term is defined for enhancement purposes, and the district court erred in classifying the conviction as a "burglary offense."

■ Moreover, the burglary conviction is not a "theft offense." This court has adopted the Model Penal Code definition of "theft offense" for the purpose of classifying a prior conviction as an aggravated felony. *See United States v. Corona–Sanchez,* 234 F.3d 449, 454–55 (9th Cir.2000). The state burglary statute criminalizes entry into a building with the intent to commit theft. *See* Cal.Penal Code § 459. The Model Penal Code definition of theft lists various means of taking property, but does not include the mere intent to take property. The state statute, which criminalizes entry with the mere intent to commit theft, does not reach any of the conduct that would constitute theft under the Model Penal Code.

II. *The narcotics conviction*

■ The government argues that Fernandez–Cervantes' 1991 narcotics conviction falls under 8 U.S.C. § 1101(a)(43)(B), which includes as an aggravated felony "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." Section 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act."

There is little in the record regarding the narcotics conviction. The federal crim-

inal complaint states that the conviction was "for the offense of POSSESSION OF A CONTROLLED SUBSTANCE, TO WIT, COCAINE, in violation of Section 11350(a) of the California Health and Safety Code." "[A] crime that is punishable under the Controlled Substances Act amounts to an 'aggravated felony' for the purposes of applying U.S.S.G. § 2L1.2(b)(1)(A) so long as it was denominated a 'felony' by the jurisdiction in which the perpetrator was convicted." *United States v. Ibarra–Galindo,* 206 F.3d 1337, 1341 (9th Cir.2000), *cert. denied,* 531 U.S. 1102, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001). Section 11350(a), however, does not specify whether possession of a narcotics substance is a felony under California law. The presentence report's reference to the offense as "Possession of Narcotic Controlled Substance, a felony," is not by itself sufficient to prove that Fernandez–Cervantes's conviction was for a felony under state law.

We therefore vacate Fernandez–Cervantes' sentence and remand to the district court for resentencing. On remand, the district court should determine whether the state conviction for narcotics possession constitutes an aggravated felony for the purpose of enhancement.

VACATED AND REMANDED.