**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joel MEJIA–PLASENCIA, Defendant—Appellant.**

No. 01–30144.

D.C. No. CR–00–60113–ALA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001.*

Decided Jan. 2, 2002.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Joel Mejia–Plasencia appeals his 86–month sentence following his conviction by guilty plea for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 3742, and we affirm.

Mejia–Plasencia contends that the district court erred in counting his prior Oregon State conviction for possession of a controlled substance as an "aggravated felony" for sentencing enhancement purposes. He argues that U.S.S.G. § 2L1.2(b)(1)(A) was inapplicable because his state offense would not have been a felony under federal law. We recently rejected a similar contention. *See United States v. Ibarra–Galindo,* 206 F.3d 1337, 1341 (9th Cir.2000), *cert. denied,* 531 U.S. 1102, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001) (holding that a crime punishable under the Controlled Substances Act is an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(A) as long as it is designated a felony by the jurisdiction in which the defendant is convicted).

Mejia–Plasencia does not dispute that he was convicted of a felony under Oregon law. That Oregon drug felony is punishable under the Controlled Substances Act. Thus, Mejia–Plasencia's previous conviction of a felony in Oregon constitutes an aggravated felony for sentencing purposes. *See Ibarra–Galindo,* 206 F.3d at 1341. Accordingly, the district court properly applied a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

Mejia–Plasencia contends that *Ibarra–Galindo* conflicts with *United States v. Garcia–Olmedo,* 112 F.3d 399 (9th Cir. 1997) and *United States v. Zarate–Martinez,* 133 F.3d 1194 (9th Cir.1998), necessitating en banc review by this court. We disagree. Neither *Garcia–Olmedo* nor *Zarate–Martinez* address whether the relevant conviction is a felony under state

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

law, which is a crucial point in *Ibarra–Galindo.* *See Ibarra–Galindo* at 1341.

Mejia–Plasencia next contends that we must defer to the INS' administrative ruling in *In Re K–V–D–,* Int. D. 3422, 1999 WL 1186808 (BIA, 1999) (*en banc*), that simple possession of drugs is not an aggravated felony for immigration purposes. We have already ruled, however, that the BIA has no special authority to interpret either the Sentencing Guidelines or 18 U.S.C. § 924(c)(2). *See Ibarra–Galindo,* 206 F.3d 1337 at 1340–41 & n. 2.

Finally, Mejia–Plasencia contends that the district court erred in imposing a sentence in excess of the two-year maximum set forth in 8 U.S.C. § 1326(a) based upon a prior felony which was not included as an element in the indictment to which he pleaded guilty. As Mejia–Plasencia acknowledges, this issue is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001). The sentence is therefore affirmed.

Nevertheless, we sua sponte remand for correction of the judgment to exclude reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000).

**AFFIRMED** in part, and **REMANDED** in part.