**Reynaldo GONZALEZ–VEGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70401.

I & NS No. A92–791–615.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2002 *.

Decided May 24, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FERGUSON, TASHIMA, and GRABER, Circuit Judges.

## MEMORANDUM**

Petitioner Reynaldo Gonzalez–Vega ("Gonzalez–Vega"), a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals ("BIA"), summarily affirming the decision of the Immigration Judge ("IJ"), ruling that Gonzalez–Vega is statutorily ineligible for a waiver of deportation under now-repealed § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1994) (repealed 1996). Gonzalez–Vega argues that the IJ retroactively applied the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to deny him relief under INA § 212(c). We have jurisdiction,[1] and we deny the petition for review.

Gonzalez–Vega entered the United States in 1982 and became a lawful permanent resident in 1989. On December 2, 1996, Gonzalez–Vega pleaded *nolo contendere* to a felony charge of possession for sale of amphetamines in violation of California Health and Safety Code section 11378. The INS subsequently issued an Order to Show Cause ("OSC"), charging him with being deportable by reason of his conviction for an aggravated felony and controlled substance offense.[2] Gonzalez–Vega applied for a waiver of deportation under INA § 212(c). The IJ denied Gonzalez–Vega's application for INA § 212(c) relief, finding him statutorily ineligible as an aggravated felon under AEDPA. The BIA affirmed the IJ's decision without an opinion and dismissed the appeal.

Because the BIA did not independently review the IJ's decision, we review the IJ's decision. *Ochave v. INS*, 254 F.3d 859, 862 (9th Cir.2001). We review de novo the IJ's determination that Gonzalez–Vega was statutorily ineligible for a withholding of deportation. *Aguirre–Aguirre v. INS*, 121 F.3d 521, 523 (9th Cir.1997), *rev'd on other grounds*, 526 U.S. 415, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999).

Prior to the enactment of AEDPA, a permanent resident alien convicted of an aggravated felony was eligible for discretionary relief from deportation pursuant to INA § 212(c). *United States v. Herrera–Blanco*, 232 F.3d 715, 716 n. 1 (9th Cir. 2000). Effective April 24, 1996, AEDPA § 440(d) barred INA § 212(c) discretionary relief for aliens deportable on account of having committed certain offenses. Pub.L. No. 104–132, § 440(d), 110 Stat. 1214, 1277 (1996) (codified in scattered sections of 8, 15, 18, 22, 28, 40, 42, 50 U.S.C.). Among the disqualifying offenses enumerated under AEDPA § 440(d) are convictions for aggravated felonies and controlled substance offenses under former

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because deportation proceedings commenced before April 1, 1997, and a final order of deportation was entered after October 30, 1996, our jurisdiction arises under the transitional rules for judicial review pursuant to INA § 106(a)(1), 8 U.S.C. § 1105a(a)(1), as amended by IIRIRA § 309(c)(4), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996). *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir.2002).

2. The OSC alleged that Gonzalez–Vega was deportable pursuant to INA §§ 241(a)(2)(A)(iii), (B)(i), codified at 8 U.S.C. §§ 1251(a)(2)(A)(iii), (B)(i) (1994) (redesignated by IIRIRA § 305(a)(2) as INA §§ 237(a)(2)(A)(iii), (B)(i), to be codified at 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i) (Supp. II 1996)).

INA §§ 241(a)(2)(A)(iii), (B)(i), 8 U.S.C. §§ 1251(a)(2)(A)(iii), (B)(i) (1994) (current version at 8 U.S.C. § 1227), respectively. Gonzalez–Vega's conviction disqualifies him from INA § 212(c) relief under both categories of offenses.

First, Gonzalez–Vega was convicted of an aggravated felony within the meaning of INA § 237(a)(2)(A)(iii). Under the INA, the term "aggravated felony" encompasses "drug trafficking crimes." INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B); *see also* 18 U.S.C. § 924(c)(2) (defining "felony" under the Controlled Substances Act as "any Federal or State offense classified by applicable Federal or State law as a felony"). Because the substance offense for which Gonzalez–Vega was convicted is denominated as a felony under California Health and Safety Code section 11378, his conviction fell within the meaning of "aggravated felony" of AEDPA § 440(d). *United States v. Ibarra–Galindo,* 206 F.3d 1337, 1341 (9th Cir.2000). Thus, Gonzalez–Vega was ineligible for relief under INA § 212(c) as an aggravated felon.

Second, Gonzalez–Vega was convicted of a controlled substance offense, i.e., possession for sale of amphetamine pursuant to section 11378 of the California Health and Safety Code, within the meaning of INA § 237(a)(2)(B)(i). 8 U.S.C. § 1227(a)(2)(B)(i) (providing that an alien is deportable for a conviction "relating to a controlled substance" other than simple possession of marijuana for personal use). Because he pleaded *nolo contendere* to the charges on December 2, 1996, after AEDPA's effective date of April 24, 1996, denial of discretionary relief under INA § 212(c) did not constitute a retroactive application of AEDPA § 440(d). *See Magana–Pizano v. INS,* 200 F.3d 603, 613–14 (9th Cir.1999) (holding that AEDPA § 440(d) does not apply retroactively to aliens who entered a guilty or *nolo contendere* plea in reliance upon INA § 212(c) relief).

Gonzalez–Vega also argues that the IJ applied IIRIRA § 304(b) retroactively to deny him INA § 212(c) relief.[3] However, his contention is not supported by the record. The IJ explicitly found that Gonzalez–Vega was ineligible for relief as an aggravated felon under AEDPA. The IJ made no mention of IIRIRA's effect on his eligibility for INA § 212(c) relief. Thus, Gonzalez–Vega's argument is moot.

The petition for review is DENIED.

---

**3.** Effective April 1, 1997, IIRIRA § 304(b) repealed and replaced INA § 212(c) with a new "Cancellation of Removal" proceeding. Pub.L. 104–208, Div. C, Title III, § 304(b), 110 Stat. 3009–3594 (1996) (creating 8 U.S.C. § 1229b). Now codified at 8 U.S.C. § 1229b, IIRIRA § 304(b) grants the Attorney General the discretion to cancel removal of certain permanent residents, but not for aliens who have been convicted of "any aggravated felony." INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3).