UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel LUNA–COMACHO, aka
Ezequiel Galaviz–Finos,
Defendant–Appellant.

No. 01–10535.

D.C. No. CR–00–01022–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 15, 2002.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Manuel Luna–Comacho appeals the 51–month sentence imposed following his guilty plea to one count of being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Luna–Comacho contends that the district court erred by enhancing his sentence sixteen (16) levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), as an aggravated felon. Specifically, Luna–Comacho argues that his 1993 and 1997 Washington state felony convictions under its Uniform Controlled Substance Act, Wash. Rev.Code § 69.50.401, do not qualify as aggravated felonies because the Washington statute encompasses non-aggravated felony conduct under the federal Controlled Substances Act, 21 U.S.C. § 801 et seq. Fur-

ther, Luna–Comacho asserts that because the Washington statute is overly broad in this manner, the district court erred in examining probable cause statements to determine that the facts of these prior convictions still constituted aggravated felonies.

Luna–Comacho's contention is foreclosed by our decision in *United States v. Ibarra–Galindo*, 206 F.3d 1337, 1341 (9th Cir.), *cert. denied*, 531 U.S. 1102, 121 S.Ct. 837, 148 L.Ed.2d 718 (2001) (finding that a violation of Wash. Rev.Code § 69.50.401 is punishable under the federal Controlled Substances Act, thus an aggravated felony for the purposes of U.S.S.G. § 2L1.2(b)(1)(A)). Accordingly, it is unnecessary for this court to address Luna–Comacho's remaining arguments regarding the facts of his prior Washington State convictions and the district court's examination of probable cause statements. *See Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (unless a statute reaches both aggravated and non-aggravated felony conduct, the sentencing court should generally look only to the fact of conviction and statutory definition of the prior offense).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.