**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Luis Enrique PAZ–MIRALDA, Defendant—Appellee.**

**No. 02–30119.**
**D.C. No. CR–01–00286–KI.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2003.

Decided March 6, 2003.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

MEMORANDUM *

The government appeals from a sentence imposed on Paz–Miralda with an enhancement of four rather than eight levels. The question before us is whether simple possession of a controlled substance under WASH. REV.CODE § 69.50.401(d) is an aggravated felony under the 2001 revisions of U.S.S.G. § 2L1.2(b)(1)(C). The district court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction over the timely appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). The district court's conclusion that drug possession is not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) is reviewed de novo. *United States v. Arellano–Torres,* 303 F.3d 1173, 1176 (9th Cir.2002).

---

In 1997, Paz–Miralda was convicted of felony drug possession of cocaine under WASH. REV.CODE § 69.50.401(d). This is an "aggravated felony" under the 2001 amendments to U.S.S.G. § 2L1.2(b)(1)(C) because it is a felony under state law, *United States v. Ibarra–Galindo*, 206 F.3d 1337, 1338 (9th Cir.2000), and is punishable under the federal Controlled Substances Act. *Id.* at 1340 n. 1, 1341; 21 U.S.C. § 844(a). *United States v. Soberanes*, 318 F.3d 959 (9th Cir.2003) (holding the *Ibarra–Galindo* framework applies to the 2001 revisions to § 2L1.2(b)(1)(C)).

SENTENCE VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.