**UNITED STATES of America**

v.

**Facundo Balderas SANCHEZ**

**No. CR. DR–01–CR–402WWJ.**

United States District Court,
W.D. Texas,
Del Rio Division.

Dec. 26, 2001.

Robert Cadera, Asst. U.S. Attorney's Office, Del Rio, TX, for Plaintiff.

Dan Newsome, Asst. Federal Public Defenders Office, Del Rio, TX, for Defendant.

**ORDER**

JUSTICE, Senior District Judge.

The defendant's objection to the presentence report prepared by the United

States Probation Office has been presented for resolution. Because the government incorrectly applied the definition of "aggravated felony" in section 2L1.2 of the United States Sentencing Guidelines, the objection will be sustained, and the presentence report revised accordingly.

The defendant in this criminal action pled guilty to illegal re-entry into the United States, under 8 U.S.C. § 1325(a) and (b)(2). A criminal history investigation revealed that, in 1993, defendant was convicted of possessing cocaine for personal use. Although possession of a controlled substance is classified as a felony under Texas law, defendant was sentenced to eight months' probation. Defendant was subsequently deported from the United States. Most recently, defendant was arrested for illegal re-entry after having crossed the border back into Texas. The United States Probation Office, in its presentence report for the current offense, applied an 8–level increase to the base offense level for illegal re-entry, reasoning that the prior conviction was an "aggravated felony" prior to deportation under the applicable guideline, U.S.S.G. § 2L1.2(b)(1)(C).

Defendant objected to the presentence report, arguing that his prior conviction for cocaine possession was incorrectly classified as an "aggravated felony." The government relies on the Fifth Circuit's decision in *United States v. Hinojosa–Lopez*, 130 F.3d 691 (5th Cir.1997), which held, under the previously applicable sentencing guideline, that a felony conviction for simple drug possession should be considered an aggravated felony. The question before this court is whether, after the most recent revision of the sentencing guidelines, the reading of "aggravated felony" in *Hinojosa–Lopez* remains viable.

Sentencing for an illegal re-entry offense is governed by section 2L1.2 of the United States Sentencing Guidelines. Effective November 1, 2001, U.S.S.G. § 2L1.2 was substantially revised by the Sentencing Commission, and it is uncontested that the new guideline applies to this criminal action.

Under U.S.S.G. § 2L1.2, a conviction for illegal re-entry carries a base offense level of 8. This base offense level is subject to the following relevant increases for the defendant's prior convictions before deportation:

- a 16–level increase for a "drug trafficking offense" that resulted in a sentence of more than 13 months, *see id.* at § 2L1.2(b)(1)(A)

- a 12–level increase for a "drug trafficking offense" that resulted in a sentence of 13 months or less, *see id.* at § 2L1.2(b)(1)(B);

- an 8–level increase for an "aggravated felony" conviction, *see id.* at § 2L1.2(b)(1)(C); and

- a 4–level increase for any other felony conviction, *see id.* at § 2L1.2(b)(1)(D).

For purposes of subsection (b)(1), "drug trafficking offense" does not include simple drug possession. The newly adopted definition reads, in relevant part:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense.

*Id.* at § 2L1.2, comment. (n.1(B)(iii)). The government concedes that defendant's prior conviction for cocaine possession is not a "drug trafficking offense" under the above definition, and that neither a 16–level nor a 12–level increase is warranted.

The government contends, however, that defendant's prior conviction is an "aggravated felony" under the new guideline, requiring an 8–level increase under section 2L1.2(b)(1)(C). The government interprets the guideline's definition of "aggravated felony" as follows:

1. Under section 2L1.2 of the Sentencing Guidelines, "aggravated felony" retains the meaning given that term in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, comment (n.2).

2. Under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43), "aggravated felony" includes "a drug trafficking crime," as defined in the Omnibus Crime Control and Safe Streets Act, as amended, 18 U.S.C. § 924(c)(2).

3. Under the Crime Control and Safe Streets Act, 18 U.S.C. § 924(c)(2), "drug trafficking crime" includes "any felony punishable under the Controlled Substances Act."

4. Following the Fifth Circuit's reasoning in *Hinojosa–Lopez*, "any felony punishable under the Controlled Substances Act," in 18 U.S.C. § 924(c)(2), means any offense that (1) is a felony under the applicable state or federal law, and (2) would be a federal drug crime.

Applied to this criminal action, defendant's state felony conviction for cocaine possession satisfies the *Hinojosa–Lopez* definition of "any felony punishable under the Controlled Substances Act," which makes the conviction a "drug trafficking offense" under the Crime Control and Safe Streets Act, which makes it an "aggravated felony" under the Immigration and Nationalization Act, which makes it an aggravated felony under the sentencing guidelines. Thus, the government argues, the 8–level enhancement for a prior aggravated felony before deportation must apply to defendant's sentence.

Such a result may seem rational under a strict, methodical interpretation of the guidelines. But this analysis reveals an inherent inconsistency. It is a accepted rule of statutory construction that "identical words used in different parts of the same act are intended to have the same meaning." *C.I.R. v. Keystone Consol. Industries, Inc.*, 508 U.S. 152, 113 S.Ct. 2006, 2011, 124 L.Ed.2d 71 (1993). This principle should apply even more strongly when identical terms are incorporated by reference into a single subsection of a sentencing guideline.

The new guidelines explicitly define "drug trafficking offense" to *exclude* convictions for simple possession, felonies or not. *See* U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). However, the new guidelines' definition of "aggravated felony" incorporates a definition of "drug trafficking offense" that *includes* felony convictions for simple possession. If the government's reasoning were adopted, then "drug trafficking offense" would mean one thing for the 12–level enhancement and another thing entirely for the 8–level enhancement. Put more starkly, to properly sentence a defendant such as this one for illegal re-entry, a court would have to find that the defendant's prior conviction both *is and is not* a drug trafficking offense. It borders on the irrational to assume that the Sentencing Commission—much less Congress—would intend such an outcome. *See Rowland v. California Men's Colony*, 506 U.S. 194, 113 S.Ct. 716, 720 & n. 3, 121 L.Ed.2d 656 (1993) (citing the "common mandate of statutory construction to avoid absurd results").

Moreover, the Sentencing Commission made clear, in promulgating its recent revision of the illegal re-entry guidelines, that it intended to respond to concerns

about disproportionate sentences resulting from an overbroad definition of "aggravated felony" in the previous guidelines. The Commission explained that:

> The disproportionate penalties result because the breadth of the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a defendant who previously was convicted of murder, for example, receives the same 16–level enhancement as a defendant previously convicted of simple assault....
>
> This amendment responds to these concerns by providing a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant. In doing so, the Commission determined that the 16–level enhancement is warranted if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months [and other serious offenses]. Other felony drug trafficking offenses will receive a 12–level enhancement. All other aggravated felony offenses will receive an 8–level enhancement.

UNITED STATES SENTENCING GUIDELINES MANUAL, app. C., comment. to amend. 632 (Nov.2001). Thus, it is clear that the Sentencing Commission intended to narrow the definition of "aggravated felony," in particular by carving out "drug trafficking offenses" and targeting them with a carefully crafted, graduated scheme of penalties. It makes little sense to abandon the Commission's efforts at fairness in this context.

▉ Finally, even assuming that the Sentencing Commission did not clearly intend that the new definition of "drug-trafficking offense" be incorporated into the definition of "aggravated felony," the well-established rule of lenity favors such an interpretation. Under the rule of lenity, if uncertainty remains after an examination of the statute's text, its legislative history and the policies it advances, the uncertainty must be resolved in favor of the defendant. *See United States v. Emerson,* 270 F.3d 203, 212 (5th Cir.2001). In revising the illegal re-entry guideline, the Sentencing Commission added a new definition for "drug trafficking offense" intended to apply to enhancements for prior convictions before deportation. The commission did not specify whether or not the new definition should supplant the statutory definition of "drug trafficking offense" that is incorporated into the definition for "aggravated felony." Absent any explicit guidance, the rule of lenity favors the construction that results in the lesser sentence.

In conclusion, the defendant in this criminal action should be sentenced in accordance with a 4–level enhancement for a prior felony conviction, rather an 8–level enhancement for an aggravated felony conviction. Thus, the correct offense level is 9, and with a criminal history category of V, the sentencing range is 18 to 24 months. Accordingly, it shall be, and is hereby,

**ORDERED** that the Presentence Report be **REVISED** to reflect the correct application of the 4–level enhancement for a prior felony conviction.