**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco Javier SOBERANES, aka**
**Rolando Meza, Defendant–**
**Appellant.**

**No. 02–10483.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 2003.

Filed Feb. 10, 2003.

Grant R. Bashore, Assistant Federal Public Defender, Tucson, AZ, for the defendant-appellant.

Christina M. Cabanillas, Deputy Chief, and Anne E. Mosher, Assistant U.S. Attorney, Tucson, AZ, for the plaintiff-appellee.

Before: HUG, ALARCÓN, and GRABER, Circuit Judges.

GRABER, Circuit Judge.

In this prosecution for unlawful reentry by a deported alien, we must decide whether a prior conviction for attempted possession of more than eight pounds of marijuana is an "aggravated felony" within the meaning of U.S.S.G. § 2L1.2(b)(1)(C), after its amendment on November 1, 2001. We answer that question "yes" and, accordingly, affirm the district court's use of the eight-level sentencing enhancement.

## FACTUAL AND PROCEDURAL HISTORY

In 1994, Defendant Francisco Javier Soberanes, a citizen of Mexico, was convicted of attempted possession of more than eight

pounds of marijuana, a Class 5 felony under Arizona law. Ariz.Rev.Stat. §§ 13–3405(B)(3), 13–1001(C)(4). After serving his sentence for that offense, he was deported.

Thereafter, Defendant returned to the United States illegally. In 2002, a federal grand jury indicted him for unlawful reentry by a deported alien, in violation of 8 U.S.C. § 1326(a). He pleaded guilty.

The presentence report characterized Defendant's prior conviction as an "aggravated felony." Defendant objected. The district court overruled the objection and, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), enhanced Defendant's sentence by eight levels. Defendant was sentenced to 18 months' imprisonment.

This timely appeal of the sentence ensued.

## STANDARD OF REVIEW

■ We review de novo whether a defendant's prior conviction qualifies as an aggravated felony for purposes of U.S.S.G. § 2L1.2. *United States v. Arellano–Torres*, 303 F.3d 1173, 1176 (9th Cir.2002). Likewise, we review de novo a district court's interpretation of the sentencing guidelines. *United States v. Bailey*, 139 F.3d 667, 667 (9th Cir.1998).

## DISCUSSION

In *United States v. Ibarra–Galindo*, 206 F.3d 1337, 1339 (9th Cir.2000), we held that simple drug possession can be an "aggravated felony" for purposes of U.S.S.G. § 2L1.2. Defendant argues that subsequent amendments to the sentencing guidelines undermine *Ibarra–Galindo*'s interpretation of U.S.S.G. § 2L1.2.

### A. *Ibarra–Galindo*

U.S.S.G. § 2L1.2 governs the sentences of those who have entered or remained in the United States unlawfully, in violation of 8 U.S.C. § 1326(a). The base offense level for this crime is eight. U.S.S.G. § 2L1.2(a). For those defendants who were previously deported after a criminal conviction, however, various sentencing enhancements apply. U.S.S.G. § 2L1.2(b). Before the amendments to U.S.S.G. § 2L1.2 took effect in November 2001, the guideline imposed a 16–level enhancement if the conviction was for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(A) (2000).[1]

In *Ibarra–Galindo*, we held that simple drug possession could qualify as an aggravated felony meriting a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). 206 F.3d at 1339. We reasoned as follows:

Application note 1 to U.S.S.G. § 2L1.2 provides that the term " ' "[a]ggravated felony" is defined at 8 U.S.C. § 1101(a)(43).' " *Id.* (quoting U.S.S.G. § 2L1.2, cmt. n. 1). In turn, 8 U.S.C. § 1101(a)(43)(B) defines "aggravated felony" as " 'illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18).' " *Id.* According to 18 U.S.C.

---

1. Before November 1, 2001, the effective date of the amendments at issue here, U.S.S.G. § 2L1.2(b) (2000) provided:

(1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):

(A) If the conviction was for an aggravated felony, increase by 16 levels.

(B) If the conviction was for (i) any other felony, or (ii) three or more misdemeanor crimes of violence or misdemeanor controlled substance offenses, increase by 4 levels.

§ 924(c)(2), " "drug trafficking crime" 'means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.).' " *Id.* Finally, 21 U.S.C. § 802(13), the relevant provision of the Controlled Substances Act, states that a "felony" is " 'any Federal or State offense classified by applicable Federal or State law as a felony.' " *Id.* Because the defendant's drug-possession offense was classified as a felony under state law, it was an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(A). *Id.*

Defendant concedes that his offense is a felony within the meaning of the Controlled Substances Act and that it was classified as a felony under Arizona law. Thus, he concedes that, if *Ibarra–Galindo* remains good law, he would be subject to an aggravated-felony sentencing enhancement on account of his prior conviction. However, Defendant argues that the *Ibarra–Galindo* framework is no longer the proper one to apply in cases in which the defendant has been convicted of a simple drug-possession offense. He bases his argument on amendments to U.S.S.G. § 2L1.2 that took effect on November 1, 2001, the issue to which we now turn.

B. *Amendments to U.S.S.G. § 2L1.2*

The new guideline provides for only an eight-level sentencing enhancement for defendants who have been previously deported after being convicted of an aggravated felony. It also offers a graduated scale of sentencing enhancements for various types of prior convictions:

Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms

offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by 16 levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;

(C) a conviction for an aggravated felony, increase by 8 levels;

(D) a conviction for any other felony, increase by 4 levels; or

(E) three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by 4 levels.

U.S.S.G. § 2L1.2(b)(1).

Significant changes also were made to the guideline's application notes. "Aggravated felony" is now defined in application note 2, which provides:

For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43) . . . .

U.S.S.G. § 2L1.2, cmt. n. 2. A new application note 1 contains a definition of "drug trafficking offense," which states:

For purposes of subsection (b)(1):

. . . .

"Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(iii).

Defendant argues that those changes to the guideline and its application notes re-

move simple drug-possession offenses from the class of aggravated felonies. First, Defendant notes that 8 U.S.C. § 1101(a)(43)(B), the statute defining "aggravated felony" for purposes of the guideline, includes "drug trafficking crime[s]" within its definition. He further notes that *Ibarra–Galindo* held that simple drug possession was an aggravated felony because it was a "drug trafficking crime" as defined by 18 U.S.C. § 924(c)(2) and 21 U.S.C. § 802(13). Defendant contends that the *Ibarra–Galindo* analysis is no longer valid after the amendments to U.S.S.G. § 2L1.2 because the application notes now provide a definition of "drug trafficking offense" that *excludes* simple possession offenses. More specifically, he claims that the application note defining "drug trafficking offense" for purposes of U.S.S.G. § 2L1.2(b)(1) also defines "drug trafficking crime" for purposes of 8 U.S.C. § 1101(a)(43)(B) and, therefore, no reference need be made to the contrary definition supplied by 18 U.S.C. § 924(c)(2) and 21 U.S.C. § 802(13). Accordingly, Defendant argues, his conviction for attempted possession of marijuana is not an "aggravated felony" but is, instead, only a "felony" under the guidelines, carrying with it a sentencing enhancement of four levels. U.S.S.G. § 2L1.2(b)(1)(D).[2]

■ Defendant's interpretation of the amended guideline is unpersuasive for three reasons.[3] First, application note 1,

defining "drug trafficking offense," facially limits its reach. The application note says that it is to be used "[f]or purposes of subsection (b)(1)." It does not claim to have any force for the purposes of 8 U.S.C. § 1101(a)(43)(B). Thus, application note 1's definition applies to the use of "drug trafficking offense" only when that term appears verbatim within the text of the guideline itself, namely, in U.S.S.G. § 2L1.2(b)(1)(A), (B), and (E).

■ Second, a fundamental canon of statutory interpretation[4] holds that, when there is an apparent conflict between a specific provision and a more general one, the more specific one governs, regardless of the priority of the provisions' enactment. *Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1013 (9th Cir.2000). Application note 1 states that its definition of "drug trafficking offense" applies to *all* of subsection (b)(1). U.S.S.G. § 2L1.2, cmt. n. 1. Under that application note, simple possession is not a drug-trafficking offense. However, application note 2 supplies a special rule that applies *only with respect to subsection (b)(1)(C)*, namely, that the definition of "aggravated felony" is to be determined by reference to 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2, cmt. n. 2. Under that statute, simple possession can be an aggravated felony. *Ibarra–Galindo*, 206 F.3d at 1339. Because the application note requiring courts

**2.** Application note 1 defines a "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2, cmt. n. 1(B)(iv).

**3.** In support of his argument, Defendant cites two district court cases holding that simple drug possession never can be an aggravated felony under the amended version of U.S.S.G. § 2L1.2: *United States v. Ramirez*, No. 01 CR 888, 2002 WL 31016657 (S.D.N.Y. Sept.9, 2002); *United States v. Sanchez*, 179 F.Supp.2d 689 (W.D.Tex.2001), *vacated, Unit-*

*ed States v. Balderas–Sanchez*, 02–50131 (5th Cir. Jan. 8, 2003) (table). Neither of those cases is persuasively reasoned. In addition, *Sanchez* has been overruled by the Fifth Circuit in *United States v. Caicedo–Cuero*, 312 F.3d 697, 708–11 (5th Cir.2002), and the opinion also spoke disapprovingly of *Ramirez*, *id.* at 708–09.

**4.** We use traditional canons of statutory construction to interpret the sentencing guidelines. *United States v. Gonzalez*, 262 F.3d 867, 869 (9th Cir.2001) (per curiam).

to look to 8 U.S.C. § 1101(a)(43) when applying U.S.S.G. § 2L1.2(b)(1)(C) is more specific than the one mandating a general rule for all of subsection (b)(1), the former takes precedence over the latter.

Finally, application note 2 states that " 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." That statutory provision defines an "aggravated felony" as a "drug trafficking crime (*as defined in section 924(c) of Title 18* )." (Emphasis added.) Section 1101(a)(43) does *not* state that an aggravated felony is a "drug trafficking offense (as defined in application note 1 of U.S.S.G. § 2L1.2)." To accept Defendant's interpretation we would have to ignore the text of the statute, which requires us to define "drug trafficking crime" through reference to § 924(c) and the statutes it cites.

### C. *Arellano–Torres*

Although we have not faced Defendant's argument head-on, we have implicitly rejected his proposed interpretation of U.S.S.G. § 2L1.2. In *Arellano–Torres*, 303 F.3d at 1176, we considered whether a conviction for simple drug possession could qualify as an aggravated felony under the amended version of § 2L1.2.[5] Using an analysis nearly identical to that used in *Ibarra–Galindo*, we held that the defendant's conviction for possession of a controlled substance was a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B) and, accordingly, was an aggravated felony for purposes of § 2L1.2. *Arellano–Torres*, 303 F.3d at 1177. Thus, although we did not comment on the effect of the amendments to the guideline on the statutory definition of "drug trafficking crime," Defendant's interpretation of § 2L1.2(b)(1)(C) is irreconcilable with the interpretation

that the *Arellano–Torres* opinion gave that provision.

### D. *Proposed Amendment to U.S.S.G. § 2L1.2*

As Defendant points out, the Sentencing Commission has proposed changes to § 2L1.2 that would make the guideline consistent with his reading of it. *See* Sentencing Guidelines for United States Courts, 67 Fed.Reg. 77,532–01, 77,539–40 (proposed Dec. 18, 2002). If the proposal is adopted, application note 2 would read in pertinent part:

Application of Subsection (b)(1)(C).—

(A) Definitions.—For purposes of subsection (b)(1)(C), "aggravated felony" (i) has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony, and (ii) does not include the offense of possession of a controlled substance without an intent to distribute that controlled substance.

*Id.* at 77,540. Defendant argues that this potential future amendment to application note 2 suggests that it was also the intent of the drafters of the 2001 amendments to exclude simple drug-possession convictions from the class of aggravated felonies. In essence, he contends that the proposal is a clarifying amendment, demonstrating the drafters' original intent.

Whatever the ultimate fate of the proposed amendment, this argument is unavailing. The Supreme Court has cautioned against the use of later legislative history in understanding an earlier-enacted statute. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 117–18, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). As the Court explained, "even when it would otherwise be useful, subsequent legislative

---

**5.** Because the defendant in *Arellano–Torres* was sentenced in November 2001, the district

court applied the amended guideline. *Arellano–Torres*, 303 F.3d at 1176.

history will rarely override a reasonable interpretation of a statute that can be gleaned from its language and legislative history prior to its enactment." *Id.* at 118 n. 13, 100 S.Ct. 2051.

Here, the text of the guideline as it existed when Defendant was sentenced, along with our cases, provide a reasonable and coherent interpretation. This is not the rare case in which later-suggested changes to the text illuminate its pre-existing meaning. Instead, the proposed changes likely reflect the Sentencing Commission's view that the penalties prescribed by the existing guideline may be too harsh. In fact, a similar sequence of events motivated the Sentencing Commission to draft the 2001 amendments at issue here:

> [D]isproportionate penalties result because the breadth of the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a defendant who previously was convicted of murder, for example, receives the same 16–level enhancement as a defendant previously convicted of simple assault.... This amendment responds to these concerns by providing a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant.

U.S.S.G. app. C, cmt. to amend. 632 (Supp.2002).

In other words, the proposed amendments do not necessarily reveal the Sentencing Commission's intent when it drafted the 2001 amendments. Rather, the proposed change is just that—a change. For now, drug-possession offenses still can be aggravated felonies.

## CONCLUSION

Defendant's prior Arizona conviction for attempted possession of more than eight pounds of marijuana was for an "aggravated felony" within the meaning of U.S.S.G. § 2L1.2(b)(1)(C). For that reason, the district court properly enhanced his sentence by eight levels.

AFFIRMED.