UNITED STATES of America, Plaintiff—Appellee,

v.

Noe REYES–GAMEZ, Defendant— Appellant.

No. 02–10330.

D.C. No. CR–02–114–PHX–PGR.

United States Court of Appeals, Ninth Circuit.

---

8. 28 U.S.C. § 2254(b).

1. *See Slack v. McDaniel*, 529 U.S. 473, 486–87, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Submitted March 14, 2003.*

Decided March 26, 2003.

Before RYMER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Noe Reyes–Gamez appeals his conviction and sentence following a guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). We affirm.

### I

Reyes–Gamez argues that the court's authority under Fed.R.Crim.P. 11(e)(2) to reject a plea agreement cannot be used to relieve the government from its failure to provide for foreseeable changes in sentencing guidelines. However, Reyes–Gamez accepted the plea agreement, which stipulated to a four-level downward departure from a base offense level of 24 among other things, and entered a plea of guilty based on its terms. The district court accepted the plea, but reserved ruling on the agreement until sentencing. When the guideline range changed, the government offered Reyes–Gamez a new agreement, but he declined to accept it because the new agreement did not also include a four-level downward departure. The district court properly exercised its discretion in rejecting the plea agreement because Reyes–Gamez's base offense level was 16

and not 24 under the guideline revisions applicable at the time of sentencing. U.S.S.G. § 2L1.2(b)(1)(C); *see also Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (holding that plea agreement may be rejected in exercise of sound judicial discretion). Although Reyes–Gamez asserts that the court was obliged to enforce *part* of the plea agreement because he had performed his part of the bargain by a fast-track plea, the defendant's recourse is to withdraw the plea when a court rejects a plea agreement, not to have his interpretation of it enforced. *See United States v. Thornton,* 23 F.3d 1532, 1533 (9th Cir.1994) (per curiam); Fed.R.Crim.P. 11(e)(4).

### II

Reyes–Gamez next argues that simple drug possession is no longer "trafficking" under the 2001 changes in the Sentencing Guidelines and therefore should not have been classified as an "aggravated felony" for sentencing purposes. This argument is foreclosed by *United States v. Soberanes,* 318 F.3d 959 (9th Cir.2003).

### III

Finally, Reyes–Gamez argues that the district court should have considered the small quantity of drugs involved, *see e.g., United States v. Sanchez–Rodriguez,* 161 F.3d 556, 560 (9th Cir.1998) (en banc) (court may depart downward based on nature of the defendant's prior aggravated felony), his age, and lack of prior convictions as bases for downward departure but failed to do so. The parties briefed the

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

issue of downward departure prior to sentencing and discussed this issue at sentencing. The court heard argument on Reyes–Gamez's requests for downward departure, and then adopted the presentence report which did not adjust for departures requested by Reyes–Gamez. *Cf. United States v. Castillo–Casiano*, 198 F.3d 787, 790–91 (9th Cir.1999), *as amended by* 204 F.3d 1257 (9th Cir.2000) (no evidence that court considered a departure). "Where the defendant requested a departure, we will assume that the district court understood the law and exercised its discretion to refrain from departing, particularly where, as here, the parties identified for the court the correct standard to be applied." *United States v. Pizzichiello*, 272 F.3d 1232, 1239 (9th Cir.2001). As there is no indication that the district court did not believe that it had authority to depart, and a discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal, *United States v. Frega*, 179 F.3d 793, 811 n. 22 (9th Cir.1999) (citing *United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir.1998)), we decline to remand as Reyes–Gamez requests.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.