UNITED STATES Of America,
Plaintiff–Appellee,

v.

Antonio MIRAMONTES–CORTEZ,
Defendant–Appellant.

No. 02–10433.

D.C. No. CR–99–00912–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 21, 2003.

Before PREGERSON, REINHARDT,
and GRABER, Circuit Judges.

MEMORANDUM**

Antonio Miramontes–Cortez appeals pro se the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c) following the November 1, 2001 amendments to U.S.S.G § 2L1.2(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *United States v. Townsend*, 98 F.3d 510, 512 (9th Cir.1996) (per curiam), and we affirm.

Miramontes–Cortez contends that the district court erred by denying his section 3582(c)(2) motion because Amendment 632 to the Sentencing Guidelines requires his sentence to be reduced by 8 levels. We disagree.

At his sentencing hearing in 1999, the district court properly applied a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) because Miramontes–Cortez' conviction for possession of marijuana for sale in violation of California Health and Safety Code § 11359 is an "aggravated felony" for sentence enhancement purposes. *See United States v. Soberanes*, 318 F.3d 959, 961–62 (9th Cir.2003); *United States v. Ibarra–Galindo*, 206 F.3d 1337, 1338–39 (9th Cir.2000) (concluding simple drug possession constituted an aggravated felony meriting a 16–level enhancement under U.S.S.G.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 2L1.2(b)(1)(A) where state law classified the offense as a felony).

We do not address whether the November 1, 2001, amendments apply retroactively because Miramontes–Cortez would have received the same sentence under the amended guidelines due to the two year term of imprisonment he received for his conviction for possession of marijuana for sale. *See* U.S.S.G. § 2L1.2 (providing for a 16–level enhancement if defendant was deported after conviction for a drug trafficking felony for which the sentence imposed exceeded 13 months).

Miramontes–Cortez' contention that the district court did not state which of his prior felonies it used to increase his sentence lacks persuasive force. The district court based its enhancement on the Presentence Report's analysis of the March 10, 1997, conviction.

**AFFIRMED.**