**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: MERUELO MADDUX PROPERTIES, INC.; et al., | No. 10-56526 |
| Debtors, | D.C. No. 2:10-cv-03536-SVW |
| BANK OF AMERICA, N.A., | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| COUNTY OF LOS ANGELES TAX COLLECTOR; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 7, 2011
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Even assuming *arguendo* that the loan agreements at issue here gave Bank of America the right to pay property taxes the borrowers owed the County of Los Angeles, the County had no obligation to accept those payments at the bankruptcy hearing. Tax payments may be made only at the tax collector's office or a location duly authorized by the board of supervisors. *See* Cal. Rev. & Tax. Code § 2613. A bankruptcy court is neither. Bank of America has not adduced any evidence that the other locations where the County accepted tax payments (a post office box and via electronic funds transfer) were not duly authorized. The general rule that an offer of performance may be made "[w]herever the person to whom the offer ought to be made can be found," Cal. Civ. Code § 1489, is not to the contrary, because section 1489 is applicable only "[i]n the absence of an express provision to the contrary," *id.*, and thus is superseded by the express requirements of section 2613. *See also United States v. Soberanes*, 318 F.3d 959, 963 (9th Cir. 2003) ("[W]hen there is an apparent conflict between a specific provision and a more general one, the more specific one governs . . . ."). Nor has Bank of America established that the County's attorney in a bankruptcy proceeding is "the person to whom the offer [of payment of property taxes] ought to be made." Cal. Civ. Code § 1489. Finally, Bank of America has not pointed to any fact allegedly misunderstood by the

district court that is material to the question whether the County was legally obligated to accept Bank of America's tender of property tax payment.

The requests for judicial notice are denied as moot.

**AFFIRMED.**