**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10269 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-10490-PHX-ROS |
| v. | |
| GERARDO GONZALEZ-TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted December 9, 2014
San Francisco, California

Before: PAEZ and TASHIMA, Circuit Judges, and QUIST, Senior District Judge.[**]

Appellant Gerardo Gonzalez-Torres appeals his 63-month sentence for

illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). His United

States Sentencing Guidelines calculation included a 16-level enhancement based

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

on prior convictions for putative crimes of violence, pursuant to Guideline § 2L1.2(b)(1)(A). The question presented is whether the district court erred in imposing the enhancement because the crimes for which Gonzalez-Torres had been convicted do not constitute crimes of violence under § 2L1.2(b)(1)(A) and because he had been denied the assistance of an interpreter during the proceedings related to those convictions. Gonzalez-Torres further argues that the district court erred in calculating the criminal history points for his prior convictions.

We review a district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Soberanes*, 318 F.3d 959, 961 (9th Cir. 2003). Where a defendant does not object to the district court's sentencing procedure, we review alleged procedural errors for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010).

Because the parties are familiar with the facts, we recite them only as necessary to illuminate our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Gonzalez-Torres was previously convicted of committing two separate felonies in North Carolina: assault with a deadly weapon inflicting serious injury, N.C. Gen. Stat. § 14-32(b), and discharge of a weapon or firearm into occupied property, N.C. Gen. Stat. § 14-34.1. Gonzalez-Torres argues that those

2

convictions do not constitute crimes of violence, and that the district court thus erred in imposing the 16-level enhancement. Gonzalez-Torres did not object or call into question the conclusion that he had been convicted of a crime of violence. Therefore, his claim is subject to the plain error standard of review. *See Untied States v. Gonzalez-Aparicio*, 663 F.3d 419, 426-27 (9th Cir. 2011).

To satisfy the plain error standard, Gonzalez-Torres must demonstrate that there is "(1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009) (internal quotation marks omitted). Plain error is "error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *Gonzalez-Aparicio*, 663 F.3d at 428 (internal quotation marks omitted). Gonzalez-Torres does not demonstrate that the district court's conclusion that he had been convicted of a crime of violence constituted error that was clear-cut or obvious. Accordingly, this argument fails.

**2.** Gonzalez-Torres next attempts to collaterally attack his North Carolina convictions. Although the record of the relevant proceedings demonstrates that Gonzalez-Torres was provided with an interpreter, Gonzalez-Torres argues that the record does not prove that he could understand his

3

interpreter or that the interpreter aided in communications with his attorney. "[T]he Constitution requires only that collateral attacks in illegal re-entry after deportation proceedings be allowed on convictions obtained in violation of the right to counsel." *United States v. Gutierrez-Cervantez*, 132 F.3d 460, 462 (9th Cir. 1997). Gonzalez-Torres was provided with an attorney that he admits was competent, and he was provided with an interpreter. Gonzalez-Torres does not identify any specific inaccuracy of interpretation or reason to doubt whether he could communicate with counsel. On this record, he has not demonstrated that his convictions were obtained in violation of the right to counsel.

**3.** Finally, Gonzalez-Torres argues that the district court erred in calculating the criminal history points for his North Carolina convictions. The district court properly assessed three criminal history points for Gonzalez-Torres's first felony conviction, and one additional point for each of the three additional convictions. *See* U.S.S.G. § 4A1.1(a),(c). Accordingly, there was no error.

AFFIRMED.