**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  v.

ARTURO CARLOS FIGUEROA-OCAMPO,
  *Defendant-Appellant.*

No. 05-50777

D.C. No.
CR-03-01112-MLH

OPINION

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted* February 1, 2007
Pasadena, California

Filed July 24, 2007

Before: Harry Pregerson, Ronald M. Gould, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Pregerson

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Jodi Denise Thorp, Federal Defenders of San Diego, Inc., for the defendant-appellant.

Mary D. Fan, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

**OPINION**

PREGERSON, Circuit Judge:

Arturo Carlos Figueroa-Ocampo (Figueroa-Ocampo) appeals his sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. Applying the recent United States Supreme Court decision in *Lopez v. Gonzales*, ___ U.S. ___, 127 S. Ct. 625 (2006), we vacate Figueroa-Ocampo's sentence and remand for re-sentencing.

I.

On April 16, 2003, Figueroa-Ocampo was indicted for violating 8 U.S.C. § 1326(a) (previously deported alien found in

the United States without the Attorney General's permission). On October 22, 2004, a federal jury found Figueroa-Ocampo guilty as charged in the one-count indictment. Figueroa-Ocampo's presentence report (PSR) set his base offense level at eight points and added eight points for his prior California felony conviction for possession of a controlled substance, which the PSR characterized as an "aggravated felony" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) (2003). Figueroa-Ocampo received a three-point reduction for acceptance of responsibility, lowering his total offense level to thirteen. With a criminal history category of V, his guidelines sentence range was thirty to thirty-seven months imprisonment followed by three years of supervised release.

Figueroa-Ocampo objected to the eight-point sentence enhancement for his *simple possession* (possession for personal use) offense in violation of California Health and Safety Code § 11350(a). He argued that his simple possession offense should not be considered an "aggravated felony" because, although a felony under California law, the offense is a misdemeanor under the Controlled Substances Act. The district court overruled Figueroa-Ocampo's objection and sentenced him to thirty-seven months of imprisonment.

## II.

We review de novo whether the district court erred when it determined that the defendant's prior conviction qualifies as an "aggravated felony" for purposes of U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C). *See United States v. Soberanes*, 318 F.3d 959, 961 (9th Cir. 2003). We also review de novo the "district court's interpretation of the [S]entencing [G]uidelines." *Id.*

## III.

A defendant convicted under section 1326(a) is generally subject to a maximum term of imprisonment of two years. *See*

8 U.S.C. § 1326(a). However, a defendant whose prior removal from the United States was "subsequent to a conviction for commission of an aggravated felony" may receive up to a twenty-year sentence under section 1326(b)(2). *Id.*

**[1]** What a sentence may be for a person convicted of entering or remaining in the United States in violation of 8 U.S.C. § 1326(a) is governed by section 2L1.2 of the Sentencing Guidelines. Under the guidelines, the sentencing court may increase the defendant's base offense level by eight points if the defendant was previously deported after a conviction for an "aggravated felony." *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C); *see also Soberanes*, 318 F.3d at 960.

Application note 3 to the sentencing guideline § 2L1.2 states that the term " 'aggravated felony' has the meaning given that term in . . . 8 U.S.C. § 1101(a)(43)." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.3(A) (citing section 101(a)(43) of the Immigration and Naturalization Act (INA)). Section 1101(a)(43) defines "aggravated felony" as "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 924(c) defines a drug trafficking crime as "any felony punishable under the Controlled Substances Act." 18 U.S.C. § 924(c)(2). Lastly, the relevant provision of the Controlled Substances Act defines the term "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13).

Simple possession is punishable as a misdemeanor under the Controlled Substances Act. *See* 21 U.S.C. § 844(a).

IV.

Relying on section 1326(b)(2), the district court enhanced Figueroa-Ocampo's sentence by eight points based on his prior conviction for simple possession (possession for personal use) under California law.

**[2]** In overruling Figueroa-Ocampo's objection to the eight-point enhancement, the district court acted consistently with our holding in *United States v. Ibarra-Galindo*, 206 F.3d 1337 (9th Cir. 2000). In *Ibarra-Galindo*, we held that an aggravated felony enhancement under sentencing guideline section 2L1.2 is appropriate where the defendant previously suffered a state felony conviction, even though the same offense may be only a misdemeanor under federal law. *See id.* at 1339-40. We interpreted the term "felony punishable under the Controlled Substances Act" to mean that the defendant must have been convicted of a possession offense that is punishable as a felony under *either* state or federal law, and which is also punishable under the Controlled Substances Act.[1] *See id.* at 1339. Accordingly, a simple possession offense that is a misdemeanor under federal law, such as the California possession offense suffered by Figueroa-Ocampo, could be classified as an "aggravated felony" under section 1101(a)(43)(B) and used to enhance a defendant's sentence under guideline section 2L1.2(b)(1)(C).

Until now, this court has repeatedly relied on *Ibarra-Galindo*'s holding to decide sentencing appeals that raised the same issue: whether an offense that is a felony under state law but a misdemeanor under federal law can be a "felony punishable under the Controlled Substances Act," and thus an "aggravated felony." *See, e.g.*, *Soberanes*, 318 F.3d at 961 (reaffirming that a "simple drug possession can be an 'aggravated felony' for purposes of U.S.S.G. § 2L1.2."); *see also*

---

[1]Judge Canby disagreed with the panel majority's interpretation of the term "felony punishable under the Controlled Substances Act" which he read to encompass an offense that is punishable under the Controlled Substances Act as a felony. Judge Canby noted that, "[b]ecause common sense rebels at the thought of classifying bare possession of a tiny amount of narcotics as a drug trafficking crime, we should not adopt that interpretation unless the statutory language compels us to conclude that Congress intended such a startling result." *Ibarra-Galindo*, 206 F.3d at 1341 (Canby, J., dissenting).

*United States v. Rios-Beltran*, 361 F.3d 1204, 1207 (9th Cir. 2004).

**[3]** We have, however, interpreted the term "aggravated felony" under section 1101(a)(43)(B) *differently* for immigration purposes. For immigration purposes, we held that a possession offense must be punishable as a felony under federal law to constitute an "aggravated felony." *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir. 2004). Thus, in the immigration context, a simple possession offense that is punishable as a felony under state law but a misdemeanor under federal law, like the one suffered by Figueroa-Ocampo, is *not* to be considered as an "aggravated felony" under section 1101(a)(43)(B).

In his brief to this court, Figueroa-Ocampo urged us to apply the *Cazarez-Gutierrez* interpretation of the term "aggravated felony" in criminal cases. Figueroa-Ocampo reasoned that the definition of the term "aggravated felony" for immigration purposes applies equally to criminal/sentencing matters because the Sentencing Guidelines expressly adopted the Immigration and Naturalization Act's definition of the term "aggravated felony" as set forth in 8 U.S.C. § 1101(a)(43).

While this appeal was pending, the Supreme Court granted certiorari and heard oral argument in two consolidated cases, *United States v. Toledo-Flores*, 126 S. Ct. 1652 (2006), and *Lopez v. Gonzales*, 126 S. Ct. 1651 (2006). *Toledo-Flores*, a Fifth Circuit criminal case, and *Lopez*, an Eighth Circuit immigration case, required our sister circuits to define what constitutes a "felony punishable under the Controlled Substances Act." The Fifth Circuit and the Eighth Circuit's holdings were consistent with our holding in *Ibarra-Galindo*. The two Circuits held that conduct that is punishable as a felony under state law, but a misdemeanor under federal law, constitutes a "felony punishable under the Controlled Substances Act," and thus an "aggravated felony" under section 1101(a)(43)(B).

In *Toledo-Flores*, the defendant-appellant objected to the sentencing court's determination that his state simple possession offense, a felony under Texas law and a misdemeanor under federal law constitutes an "aggravated felony" for sentence enhancement purposes. The Fifth Circuit disagreed. *See United States v. Estrada-Mendoza*, 475 F.3d 258, 260 (5th Cir. 2007).

In *Lopez*, petitioner Lopez suffered a prior conviction in South Dakota for aiding and abetting the possession of cocaine.[2] *See Lopez v. Gonzales*, 417 F.3d 934, 935 (8th Cir. 2005). During Lopez's removal proceedings, the government characterized this simple possession offense as an "aggravated felony" which left Lopez ineligible for cancellation of removal. *See id.* The Board of Immigration Appeals's (BIA) agreed. *See id.* at 936. On appeal, the Eight Circuit affirmed the BIA and denied Lopez's petition for review. *See id.* at 938.

We postponed the decision in this case pending the Supreme Court's resolution of these two consolidated appeals.

On December 5, 2006, the Supreme Court decided *Lopez*. *See Lopez v. Gonzales*, ___ U.S. ___, 127 S. Ct. 625 (2006). On the same day, the Supreme Court dismissed the writ of certiorari in *Toledo-Flores* as improvidently granted. *See Toledo-Flores v. United States*, 127 S. Ct. 638 (2006).

[4] In *Lopez*, the Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." *Lopez*, 127 S. Ct. at 633. In so holding, the Court rejected the government's argument that the term "felony punishable under the Controlled Substances Act" refers to any offense that is punishable by federal law as either a fel-

---

[2]South Dakota law treats aiding and abetting possession of a controlled substance as equivalent to a possession offense. *See Lopez*, 127 S. Ct. at 629.

ony or a misdemeanor. *Id.* at 629. The Court further reasoned that "illicit trafficking," the term defined as a "felony punishable under the Controlled Substances Act," requires a "commercial dealing" which "is no[t an] element of simple possession." *Id.* at 630.

**[5]** Moreover, the Court clearly pointed out that the definition of "aggravated felony" under section 1101(a)(43)(B) applies to both the Immigration and Naturalization Act and the Sentencing Guidelines that adopted the INA's definition of that term. *Id.* at 627-28. The Court, in resolving the Circuit split, cited both immigration and criminal cases, including *Ibarra-Galindo* and *Cezarez-Gutierrez*. *Id.* at 629 n.3.

**[6]** Given the Supreme Court's discussion of the shared definition of "aggravated felony" under the INA and the Sentencing Guidelines, the Court's reference to *Ibarra-Galindo* and *Cezarez-Gutierrez*, and the Court's interpretation of the INA term "aggravated felony" adopted by the Guidelines, it is beyond dispute that *Lopez* applies in both criminal sentencing and immigration matters. We acknowledge, therefore, that *Ibarra-Galindo* has been effectively overruled by *Lopez* and is no longer valid authority. Accordingly, under *Lopez*, the district court erred when it categorized Figueroa-Ocampo's prior simple possession conviction as an "aggravated felony." Because Figueroa-Ocampo's prior simple possession conviction was not an "aggravated felony," the eight-point "aggravated felony" enhancement was improper.

But our inquiry does not end here. On January 31, 2006, shortly after the Supreme Court issued its opinion in *Lopez*, Figueroa-Ocampo completed serving his thirty-seven month sentence and was released to serve his three year term of supervised release.

The government agrees with Figueroa-Ocampo that, under the Supreme Court's recent decision in *Lopez*, Figueroa-Ocampo's criminal sentence should not have been enhanced

based on his prior simple possession conviction. The parties, however, disagree as to the effect of the *Lopez* decision on Figueroa-Ocampo's appeal in light of his subsequent release from custody. In short, the government contends that the appeal is moot.

The government urges us to dismiss Figueroa-Ocampo's appeal as moot because, in its view, under 18 U.S.C. § 3624(e), excess prison time is not credited to the supervised release term and may not reduce its length. The government cites *United States v. Johnson*, 529 U.S. 53, 60 (2000), for the proposition that the term of supervised release begins upon the defendant's actual release, and concludes that there is nothing that this court can do to shorten-up Figueroa-Ocampo's term of supervised release. Figueroa-Ocampo disagrees.

**[7]** We agree with the government that we cannot credit Figueroa-Ocampo's supervised release term with the "extra" time he served in custody. *See Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (reiterating previously recognized principle that "a prisoner who wrongfully serves excess prison time is not entitled to an automatic reduction in his term of supervised release."). However, we do not agree with the government's conclusion that Figueroa-Ocampo's appeal is moot.

> [W]here a defendant has received a sentence that includes a period of supervised release, a challenge to the length of his sentence of imprisonment is not moot because the district court has discretion regarding the length of supervised release, *see* 18 U.S.C. § 3583(a)-(b), and can change the supervised release period, *see* § 3583(e)(2).

*United States v. Allen*, 434 F.3d 1166, 1170 (9th Cir. 2006) (noting that "the district court could resentence Allen to a shorter term of supervised release in light of [the fact that defendant should have been sentenced to] a shorter appropri-

ate term of imprisonment"). Figueroa-Ocampo appealed his sentence. Accordingly, he objected to the thirty-seven month term of imprisonment *and* the subsequent three-year period of supervised release.

As discussed above, section 1326(b) governs the sentence of a defendant convicted under section 1326(a) who has suffered a prior conviction. A defendant who was previously deported following a conviction for "commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)" faces a maximum ten years imprisonment. *See* 8 U.S.C. § 1326(b)(1). However, a defendant who was previously deported after suffering an "aggravated felony" conviction faces a sentence of up to twenty years imprisonment. *See* 8 U.S.C. § 1326(b)(2).

**[8]** The district court believed that Figueroa-Ocampo's simple possession conviction under California law is to be treated as an "aggravated felony." Accordingly, the district court sentenced Figueroa-Ocampo under section 1326(b)(2). Subsequently, the Court in *Lopez* made it clear that Figueroa-Ocampo's prior simple possession conviction is not to be treated as an "aggravated felony" because it is not a "felony punishable by the Controlled Substances Act."[3] Thus, under *Lopez*, the district court was incorrect when it determined that Figueroa-Ocampo faced a twenty-year statutory maximum sentence under 8 U.S.C. § 1326(b)(2) instead of a ten-year maximum sentence under 8 U.S.C. § 1326(b)(1).

**[9]** This error is significant. The Sentencing Guidelines provide different terms of supervised release for defendants sentenced under section 1326(b)(1) and section 1326(b)(2). *Compare* U.S. Sentencing Guidelines Manual § 5D1.2(a)(2)

---

[3]Without the aggravated felony enhancement, the guideline range would have been twenty-one to twenty-seven months instead of thirty to thirty-seven months imprisonment.

(2005) ("[a]t least two years but not more than three years" of supervised release for § 1326(b)(1)) *with* U.S. Sentencing Guidelines Manual § 5D1.2(a)(1) (2005) ("[a]t least three years but not more than five years" of supervised release for § 1326(b)(2)). Accordingly, Figueroa-Ocampo's three-year term of supervised release was calculated based on the wrong statutory provision.

**[10]** Because it is possible that the district court would have imposed a shorter term of supervised release had it calculated Figueroa-Ocampo's sentence under the correct guideline, we hold that Figueroa-Ocampo's sentencing appeal is not moot. *See Gunderson v. Hood*, 268 F.3d 1149, 1153 (9th Cir. 2001) (holding that the possibility of relief is sufficient to prevent mootness).

**[11]** Because Figueroa-Ocampo was sentenced under now-rejected jurisprudence, we vacate his sentence and remand for re-sentencing.

**VACATED** and **REMANDED**.