**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David CARO–GRIMALDO,
Defendant–Appellant.**

No. 05–50016.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 20, 2007.

Joanna P. Baltes, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Steven F. Hubachek, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, M. SMITH, Circuit Judges.

## MEMORANDUM **    •

David Caro–Grimaldo appeals from the district court's judgment imposing a 37–month sentence following his guilty-plea conviction for being an illegal alien found in the United States in violation of 8 U.S.C. 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Caro–Grimaldo contends that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred by upwardly adjusting Caro–Grimaldo's sentence by eight levels under U.S.S.G. § 2L1.2(b)(1)(C) because the district court improperly found that Caro–Grimaldo was removed subsequent to an aggravated felony. We reject this contention. The court's reliance on the prior conviction did not result in *Apprendi* error, and the record reflects that Caro–Grimaldo admitted the timing of his deportation. *See United States v. Beltran–Munguia*, 489 F.3d 1042, 1053 (9th Cir. 2007).

Caro–Grimaldo also contends that 8 U.S.C. § 1326(b) is unconstitutional because *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. We reject this contention. *See United States v. Weiland*, 420 F.3d 1062, 1079 n. 16 (9th Cir.2005).

Caro–Grimaldo further contends that the district court's upward adjustment of his sentence was improper because the court erred in determining that his Utah state conviction for possession of a controlled substance was an aggravated felony. Subsequent to Caro–Grimaldo's sentencing, the Supreme Court decided *Lopez v. Gonzales*, —— U.S. ——, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006), in which it held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." Because the district court did not have the benefit of the Supreme Court's decision in *Lopez* at the time that it sentenced Caro–Grimaldo, we vacate the sentence and remand for resentencing. *See United States v. Figueroa–Ocampo*, No. 04–50777, 494 F.3d. 1211, 1217, 2007 WL 2104787, at *5 (9th Cir. July 24, 2007) (vacating and remanding in light of *Lopez* ).

As we vacate Caro–Grimaldo's sentence pursuant to *Lopez,* we do not reach Caro–Grimaldo's remaining contention that he is entitled to remand because he was sentenced under the mandatory guidelines.

**VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.