**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lorenzo JIMENEZ–CARRILLO,
Defendant–Appellant.**

**No. 05–50885.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007 *.

Filed Sept. 28, 2007.

Becky S. Walker, Esq., Sarah J. Heidel, Esq., USLA—Office of the U.S. Attorney Criminal Division, Vince Farhat, Esq., United State Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Michael Schafler, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Lorenzo Jimenez–Carrillo, Adelanto, CA, pro se.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Lorenzo Jimenez–Carrillo appeals from his jury conviction and the 33–month sentence imposed for illegal reentry following deportation, in violation of 8 U.S.C. § 1326.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Jimenez–Carrillo's motion to file a pro se reply brief is granted. The Clerk shall file the pro se reply brief received on January 17, 2007.

We reject Jimenez–Carrillo's contention that the admission of the warrant of deportation violated the Confrontation Clause. *See United States v. Bahena–Cardenas,* 411 F.3d 1067, 1075 (9th Cir.2005).

Jimenez–Carrillo's argument that the district court erred in enhancing his sentence based on his prior conviction is foreclosed by *United States v. Covian–Sandoval,* 462 F.3d 1090, 1096 (9th Cir.2006) (permitting enhancement for a prior conviction), as is his challenge to the constitutionality of 8 U.S.C. § 1326(b), *see id.* at 1096–97.

We also reject the contention that the district court violated Jimenez–Carrillo's Fifth Amendment rights by imposing as a condition of supervised release a requirement that he report to the probation office within 72 hours of entering the United States. *See United States v. Abbouchi,* 502 F.3d 850, 859 (9th Cir.2007).

In his pro se brief, Jimenez–Carrillo contends that his prior convictions under California Health and Safety Code Section 11377(a) and California Penal Code Section 273a were not aggravated felony convictions for purposes of 8 U.S.C. § 1326(b). Subsequent to Jimenez–Carrillo's sentencing, the Supreme Court decided *Lopez v. Gonzales,* —— U.S. ——, 127 S.Ct. 625, 633, 166 L.Ed.2d 462 (2006), in which it held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law." Because Section 11377(a) does not qualify as a drug trafficking offense under *Lopez,* we vacate the sentence and remand for resentencing. *See United States v. Figueroa–Ocampo,* 494 F.3d 1211 (9th Cir.2007) (holding that *Lopez* applies

to criminal sentencing). Additionally, as the government concedes, the conviction under California Penal Code Section 273a was an aggravated felony. *See United States v. Hernandez–Castellanos,* 287 F.3d 876, 880–881 (9th Cir.2002).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we instruct the district court to delete from any subsequent judgment the incorrect reference to § 1326(b)(2).

**VACATED and REMANDED.**