NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff-Appellee,<br><br> v.<br><br>JOSE GUILLERMO PANIAGUA-<br>PANIAGUA,<br><br>       Defendant-Appellant. | No.   15-50454<br><br>D.C. No.<br>3:14-cr-02957-BAS-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 10, 2016
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and MARQUEZ,[**] District Judge.

Appellant Jose Paniagua-Paniagua appeals from a conviction and sentence

for illegal reentry in violation of 8 U.S.C. § 1326. He argues the district court

erred by denying his motion under § 1326(d) to dismiss the illegal reentry charge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Rosemary Marquez, United States District Judge for the District of Arizona, sitting by designation.

We review *de novo* and affirm. *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012).

To successfully challenge an underlying removal order, an alien must show (among other things) that "entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). "An underlying order is 'fundamentally unfair' if (1) a defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014) (citing *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004)).

Appellant was convicted in 2007 of possession of methamphetamine with intent to deliver it, in violation of Wash. Rev. Code § 69.50.401(2)(b). During Appellant's 2008 deportation proceedings, Appellant confirmed that he was convicted under Wash. Rev. Code § 69.50.401. The immigration judge did not advise Appellant of potential eligibility for relief from removal. Appellant was removed to Mexico as an aggravated felon. Appellant subsequently reentered the United States, where he was apprehended in September 2014. Following a bench trial on April 28, 2015, Appellant was found guilty of illegal reentry.

Appellant contends that his Washington conviction is not an aggravated felony because Wash. Rev. Code § 69.50.401 is categorically overbroad. He further contends that the modified categorical approach may not be utilized to

determine whether he was convicted of an aggravated felony because Wash. Rev. Code § 69.50.401 is indivisible. Therefore, he argues, his collateral challenge must succeed because the immigration judge violated his due process rights by failing to advise him that he was eligible for voluntary departure.

We agree with Appellant that Washington's definition of aiding and abetting liability is broader than the generic federal definition and that the implicit nature of aiding and abetting liability in every criminal charge renders Wash. Rev. Code § 69.50.401 categorically overbroad. *United States v. Valdivia-Flores*, No. 15-50384, 2017 WL 6044232 (9th Cir. Dec. 7, 2017). We also agree that Wash. Rev. Code § 69.50.401 is indivisible, thus precluding application of the modified categorical approach. *Id.*

An immigration judge, however, "must provide accurate information regarding an alien's eligibility for relief 'under the applicable law at the time of his deportation hearing.'" *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1017 (9th Cir. 2013) (quoting *United States v. Lopez-Velasquez*, 629 F.3d 894, 897 (9th Cir. 2010)). At the time of Appellant's 2008 deportation proceedings, convictions under Wash. Rev. Code § 69.50.401 were treated as aggravated felonies. *See United States v. Ibarra-Galindo*, 206 F.3d 1337, 1341 (9th Cir. 2000), *overruled on other grounds as recognized by United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1216 (9th Cir. 2007); *United States v. Verduzco-Padilla*, 155 Fed. App'x 982

3                                                                 15-50454

(9th Cir. 2005) (mem.). Ninth Circuit law at the time also permitted application of the modified categorical approach for overbroad statutes so that the documents underlying Appellant's Washington drug-trafficking conviction could have been used to confirm that he was convicted as a principal and not as an accomplice. *See Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1073 (9th Cir. 2007), *overruled by United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011). Appellant was properly found to be an aggravated felon under the law controlling at the time; it is immaterial that post-removal changes in the law would have altered that conclusion. *See Vidal-Mendoza*, 705 F.3d at 1021 & n.9 (holding noncitizen was properly found ineligible for relief under then-controlling law, although post-removal changes to law would have made noncitizen eligible if applied retroactively); *United States v. Guzman-Ibarez*, 792 F.3d 1094, 1101 (9th Cir. 2015) (explaining that immigration judges need not predict sharp changes in substantive law).

As an aggravated felon under the law controlling at the time of his deportation proceedings, Appellant was statutorily ineligible for voluntary departure under 8 U.S.C. § 1229c. Therefore, he was not prejudiced by the immigration judge's failure to advise him of that relief. *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1057 (9th Cir. 2012) ("[A]n alien who is statutorily barred from obtaining relief from removal cannot be prejudiced by an [immigration

15-50454

judge's] failure to inform him about the possibility of applying for such relief.").

Consequently, he has not shown that the deportation proceedings were fundamentally unfair, and his motion to dismiss was properly denied.

**AFFIRMED.**

FILED

JAN 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**RAWLINSON, Circuit Judge, concurring in the result:**

I agree with the majority that the district court decision denying defendant Jose Paniagua-Paniagua's motion to suppress the indictment should be affirmed. However, I expressly disavow the majority's conclusion and reasoning regarding the overbreadth of Washington Revised Code § 69.50.401, for the reasons explained in my dissent in *United States v. Valdivia-Flores*, 876 F.3d 1201, 1211-14 (9th Cir. 2017).