
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50422 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-01750-BTM-1 |
| v. | |
| OMAR DOMINGUEZ-VALENCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted October 24, 2019[**]
Pasadena, California

Before:  KLEINFELD, CALLAHAN, and R. NELSON, Circuit Judges.

Omar Dominguez-Valencia, originally admitted to the United States as a

non-immigrant when he was a child, makes a second collateral challenge to his

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

underlying removal order. He argues that recent Supreme Court case law precludes his prior burglary conviction from being designated as a crime of violence. Dominguez-Valencia also challenges the 24-month sentence he received subsequent to his prior appeal to this Court, on the similar basis that his prior robbery conviction should not have been considered a crime of violence.

We review both de novo. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1261 (9th Cir. 2013); *United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1213 (9th Cir. 2007). We conclude that the rule of mandate precludes a new challenge to his underlying conviction and that his sentencing challenge is moot.

The rule of mandate doctrine provides that when "a case has been once decided by this court on appeal, and remanded to the district court, whatever was before this court, and disposed of by its decree, is considered as finally settled." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007), *cert. denied*, 553 U.S. 1007 (2008). We treat this rule as jurisdictional. *Id.* at 982. In Dominguez-Valencia's previous appeal, we explicitly rejected his 8 U.S.C. § 1326(d) argument and affirmed his conviction. This Court's mandate limited the district court's authority to the issue of resentencing. Accordingly, under Circuit authority,

Dominguez-Valencia may not re-litigate this claim, despite subsequent authority. *See Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 966 (9th Cir. 2005) (quoting *Coleman Co. v. Holly Mfg. Co.*, 269 F.2d 660, 664 (9th Cir.1959)).

On the resentencing issue, we conclude that because Dominguez-Valencia has already completed his term of imprisonment, his challenge to the sentence he received is moot. No collateral consequences flow from the duration of his completed sentence. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Dominguez-Valencia's appeal is limited to his sentencing, and the collateral consequences of the conviction are independent of the precise sentence he received. As he is no longer in custody or subject to supervised release, he has no stake in the outcome of this claim. He therefore has no Article III, § 2 standing.

Dominguez-Valencia's conviction is therefore **AFFIRMED.**