**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RICARDO BRAVO-BRAVO,

    Petitioner,

v.

WILLIAM P. BARR, Attorney General,

    Respondent.

Nos. 17-70245

Agency No. A075-265-535

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BUMATAY, Circuit
Judges.

  Petitioner Ricardo Bravo-Bravo, a native of Mexico, petitions for review of

the Department of Homeland Security's (DHS's) 2016 reinstatement of his 2003

removal order under 8 U.S.C. § 1231(a)(5).  Petitioner argues that the

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reinstatement was improper because he did not reenter the United States illegally, and that his underlying removal order constitutes a gross miscarriage of justice and is thus reviewable. Neither argument is persuasive. We deny the petition.

First, Petitioner illegally reentered the United States. Petitioner was previously removed after being convicted of an aggravated felony. When he was removed, Petitioner was told he was prohibited from reentering the United States at any time without express consent from the Attorney General. Despite this warning, Petitioner contends that he entered the United States by presenting unexpired documentation that was inspected by a border control agent. Although such entrance into the United States is "procedurally regular," such conduct was deceptive and thus renders Petitioner's entry illegal. *Tamayo-Tamayo v. Holder*, 725 F.3d 950, 952 (9th Cir. 2013).

Second, Petitioner's initial removal order does not constitute a gross miscarriage of justice. Petitioner argues that his underlying conviction constitutes a gross miscarriage of justice, because his state conviction serving as the basis of his removal was expunged by the state court, and because this court subsequently held that a conviction under Wash. Rev. Code § 69.50.401(a)(1) is not an aggravated felony. *See United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017). Yet, even if the state court subsequently expunged Petitioner's crime, that

expungement does not speak to the fairness of his underlying removal proceeding. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008). And, because a conviction under Wash. Rev. Code § 69.50.401(a)(1) was an aggravated felony at the time Petitioner was convicted, no miscarriage of justice occurred. *United States v. Ibarra-Galindo*, 206 F.3d 1337, 1341 (9th Cir. 2000), *overruled on other grounds as recognized by United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1216 (9th Cir. 2007); *see also United States v. Vidal-Mendoza*, 705 F.3d 1012, 1018, 1021 & n.9 (9th Cir. 2013) (declining to consider post-removal precedent in collateral challenge to removal order).

Petitioner's motion to supplement the record, Dkt. 26, is **DENIED**.

**PETITION DENIED.**