**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30153 |
| Plaintiff-Appellant, | D.C. No. 4:19-cr—06005-SAB-1 |
| v. | |
| RUBISEL DELCARMEN-ABARCA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Bastian, District Judge, Presiding

Argued and Submitted December 7, 2020
San Francisco, California

Before: BOGGS,[**] M. SMITH, and BENNETT, Circuit Judges

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

The United States challenges the district court's dismissal of an indictment charging Rubisel Delcarmen-Abarca with illegal reentry after removal, in violation of 8 U.S.C. § 1326. Applying the holding of our recently published opinion in *United States v. Bastide-Hernandez*, No. 19-30006 (9th Cir. Feb. 2, 2021), https://cdn.ca9.uscourts.gov/datastore/opinions/ 2021/02/02/19-30006.pdf, we reverse and remand.

## I

Delcarmen-Abarca, a native and citizen of Mexico, entered the United States without inspection in 1986, at age 23. He is married and has a United States citizen daughter. He cannot read or write in Spanish or English. On September 17, 2003, the Bureau of Immigration and Customs Enforcement ("ICE") placed him in removal proceedings for entering without inspection, took him into custody, and personally served Delcarmen-Abarca with a notice to appear ("NTA"), which ordered him to appear at a "date, time, and place to be set" for his removal hearing.

On September 26, 2003, the Executive Office of Immigration Review ("EOIR") personally served Delcarmen-Abarca a notice of hearing of removal ("NOH") providing the time, date, and location of his hearing: 8:30 am, October 1, 2003, at the immigration court in Lancaster, California. Delcarmen-Abarca appeared in person at his removal hearing, was found removable by the immigration judge ("IJ"), and was removed to Mexico on October 2, 2003.

In December 2018, Delcarmen-Abarca reentered the United States, was again taken into ICE custody, and in January 2019, was indicted for illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326. Delcarmen-Abarca filed a motion to dismiss, arguing that the immigration court lacked subject-matter jurisdiction and, in the alternative, that the IJ violated his due-process rights by finding him ineligible for voluntary departure.

The district court held that the immigration court lacked jurisdiction to issue the underlying removal order because the NTA lacked necessary time, date, and location information, the lack of location information was not cured by a subsequent NOH, and the NOH, even if otherwise curative, did not give the defendant 10 days of notice after the NTA and prior to the removal hearing, as specified by 8 U.S.C. § 1229(b)(1).[1]

II

The district court opinion relied on, *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and was issued before *Aguilar Fermin v. Barr*, 958 F.3d 887 (9th Cir. 2020). In *Bastide-Hernandez*, we recently clarified that *Karingithi* and *Aguilar Fermin* compel the conclusion that "the jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform

---

[1] The district court did not address Delcarmen-Abarca's voluntary-departure argument.

the alien of the time, date, and location of the hearing." *Bastide-Hernandez*, slip op. at 6. Thus, the district court erred in dismissing the indictment, as the immigration court had jurisdiction once the NTA was filed there, even if the NTA had defects.

*Bastide-Hernandez* also held that any defects in an NTA can be addressed by collateral attack if the prerequisites of 8 U.S.C. § 1326(d) are met. *Bastide-Hernandez*, slip op. at 8-10. On remand, Delcarmen-Abarca may be able to collaterally attack the underlying removal order if he can meet the requirements of 8 U.S.C. § 1326(d).

III

In the interest of judicial economy and at the request of both parties, we will address Delcarmen-Abarca's claim that his due-process rights were violated in the underlying removal proceeding when the IJ indicated that Delcarmen-Abarca was ineligible for voluntary departure and denied him the opportunity to apply for it.

Conviction for an aggravated felony renders a noncitizen in removal proceedings ineligible for most forms of discretionary relief, including voluntary departure. *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014); 8 U.S.C. § 1229c(a)(1). In 1999, Delcarmen-Abarca was convicted of possession of a controlled substance (cocaine) under California law. Cal Health & Safety Code § 11350(a). However, simple possession is not punishable as a federal felony under

4

the Federal Controlled Substances Act ("CSA"). 21 U.S.C. § 844(a). Nonetheless, in 2000, this court held that simple possession of a controlled substance was included in the term "aggravated felony" for purposes of enhancing a sentence for illegal reentry, 8 U.S.C. § 1101(a)(43), if such conduct constituted a felony under state law, even if it was not a felony under federal law. *United States v. Ibarra-Galindo*, 206 F.3d 1337, 1340 (9th Cir. 2000) (*overruled on other grounds as recognized by United States v. Figueroa-Ocampo*, 494 F.3d 1211, 1216 (9th Cir. 2007)). In 2002, the Board of Immigration Appeals also held that in federal circuits, such as the Ninth, that had not ruled to the contrary, state felony convictions constitute aggravated felonies in immigration cases even where such conduct did not constitute a felony under federal law. *Matter of Yanez-Garcia*, 23 I. & N. Dec. 390, 397 (BIA 2002). Consistent with this case law, in 2003, the IJ held Delcarmen-Abarca ineligible for discretionary relief and ordered him removed.

In 2004, this court changed course, holding that a state felony conviction that would be a federal misdemeanor does not constitute a felony for immigration purposes. *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 910 (9th Cir. 2004). An IJ has a duty to inform noncitizens of relief for which they are apparently eligible. 8 C.F.R. § 1240.11(a)(2). But that duty is limited to eligibility for relief as it exists under applicable law at the time of the removal hearing. *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1017 (9th Cir. 2013). Eligibility for relief in Delcarmen-

5

Abarca's circumstances changed one year after he was ordered removed. "IJs are not expected to be clairvoyant." *Ibid (cleaned up)*. The IJ correctly applied the law as it existed at the time Delcarmen-Abarca was in removal proceedings and did not err by telling him he was ineligible for voluntary departure.

The district court is REVERSED, and the case is REMANDED.